# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE J. GEHRON; CHERYL L. GEHRON,<br><br>Plaintiffs,<br><br>vs.<br><br>BEST REWARD CREDIT UNION, f/k/a Vantage Federal Credit Union, f/k/a Reward One, f/k/a Best Employees Federal Credit Union; JOHN J. SHIRILLA; CUMANET; ASSURED LENDER SERVICES, INC.; MERS (Mortgage Electronic Registration Systems, Inc.),<br><br>Defendants. | CASE NO. 10cv2051 - IEG (BLM)<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AMENDED COMPLAINT AND DENYING AS MOOT MOTION TO STRIKE AMENDED COMPLAINT**<br><br>[Doc. No. 27, 33, 34] |

In their amended complaint, Plaintiffs assert eight claims arising from Defendants' alleged securitization and sale of their mortgage loans. Presently before the Court is a motion to dismiss and a motion to strike the amended complaint brought by Defendants Best Reward Credit Union ("Best") and John J. Shirilla (Doc. Nos. 33, 34) and a motion to dismiss the amended complaint brought by Defendant CUMANET (Doc. No. 27). For the reasons stated herein, the Court **GRANTS** Defendants' motions to dismiss and **DENIES AS MOOT** the motion to strike.

///

///

///

**BACKGROUND**

Plaintiffs' amended complaint has been copied more or less wholesale from a complaint filed in a number of unrelated cases. See Def. Best's Mot. at 1.[1] As another Court noted, the complaint is "chockablock with vague and conclusory allegations, and the Court doubts it even complies with the requirements of Rule 8 that a complaint contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"[2] Gervais v. Am. Express Centurion Bank, 2010 WL 4929077, at *2 (S.D. Cal. Nov. 30, 2010). Nevertheless, the Court discerns the following allegations from Plaintiffs' amended complaint.

Plaintiffs appear to allege that on or about October 17, 2003 and May 4, 2004, they obtained mortgages on some property. (Id. ¶¶ 32-33.) Defendants then sold Plaintiffs' mortgages "to New York Stock Exchange," and the mortgages ended up being pooled and traded by "Fidelity Funds" or "Fidelity Investment." (Id. ¶¶ 19, 34-35.) On September 10, 2010, one or more of the Defendants "filed a foreclosure action against the Plaintiff on the property . . . ." (Id. ¶ 17.)

Plaintiffs filed their original complaint in this Court on October 1, 2010. (Doc. No. 1.) Certain Defendants moved to dismiss the original complaint, and Plaintiffs responded by filing an amended complaint on December 8, 2010. (Doc. Nos. 12, 16.) Defendant CUMANET filed a motion to dismiss the amended complaint on December 22, 2010, and Defendants Best and John J. Shirilla filed a motion to dismiss and a motion to strike the amended complaint on January 6, 2011. (Doc. Nos. 27, 33-34.) Plaintiffs filed an opposition and Defendants filed replies. (Doc. Nos. 41, 43-44.) The Court vacated a hearing scheduled for February 24, 2011, electing instead to take the matter under submission pursuant to Local Civil Rule 7.1(d). (Doc. No. 47.)

///
///
///

---

[1] See also Bowler v. Green Tree Servicing, LLC, 2011 WL 320398 (E.D. Cal. Jan. 28, 2011); Bello v. Chase Home Finance, 2011 WL 133351 (S.D. Cal. Jan. 14, 2011); Gervais v. Am. Express Centurion Bank, 2010 WL 4929077 (S.D. Cal. Nov. 30, 2010).

[2] Prior to delving into any specific allegations, for example, the amended complaint contains a "History on Securitization." See Am. Compl. ¶¶ 10-14.

# DISCUSSION

## I. Legal Standard for a Rule 12(b)(6) Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). A court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

## II. Analysis

### A. The Banking Act of 1933

The Banking Act of 1933, also known as the Glass-Steagall Act, established the Federal Deposit Insurance Corporation and separated commercial banking from investment banking, prohibiting commercial banks from speculating in securities. See P.L. 73-66, 48 Stat. 162. The subheading to Count I of Plaintiffs' amended complaint is "Glass-Steagall Request for Reinstatement of Repealed Parts." Plaintiffs allege that the "Act provides strict policies preventing

investment banking activities of commercial banks and forces them to withdraw completely from important segments of the investment banking business." See Am. Compl. ¶ 62.  Plaintiff appears to be asserting rights under sections of the Banking Act of 1933 (sections 20 and 32) that were repealed on November 12, 1999, when the Gramm-Leach-Bliley Act was signed into law.  See P.L. 106-102, 113 Stat. 1338.  The Gramm-Leach-Bliley Act specifically allowed affiliations between commercial banks and securities firms.  See id.  To the extent that Plaintiffs seek reinstatement of repealed parts, the Court is unable to provide the requested relief.  See U.S. Const. art. I, § 1 ("All legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives.").  Based on Plaintiffs' allegations, and because Plaintiffs cannot assert a right to relief under the Banking Act of 1933, the Court **DISMISSES WITH PREJUDICE** Count I of Plaintiffs' amended complaint.

      **B.**      **The Gramm-Leach-Bliley Act**

In Count II, Plaintiffs allege securities fraud under the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801.  The Gramm-Leach-Bliley Act prohibits financial institutions' disclosure of non-public personal information.  There is no private right of action under 15 U.S.C. § 6801.  See 15 U.S.C. § 6805(a) ("This subchapter and the regulations prescribed thereunder shall be enforced by the Federal functional regulators, the State insurance authorities, and the Federal Trade Commission with respect to the financial institutions and other persons subject to their jurisdiction . . .").  Accordingly, the Court **DISMISSES WITH PREJUDICE** Count II of Plaintiffs' amended complaint.

      **C.**      **Section 10(b) of the Securities and Exchange Act of 1934**

In Count III, Plaintiffs allege securities fraud under section 10(b) of the Securities Exchange Act of 1934.  Section 10(b) of the Act and Rule 10b-5, promulgated by the Securities and Exchange Commission, prohibit certain institutions from engaging in manipulative or deceptive practices in connection with the sale of securities.  To state a claim under Section 10(b) and Rule 10b-5, a plaintiff must plead: (1) a material misrepresentation or omission; (2) scienter; (3) in connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation.  See Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 341-42 (2005).  The limitations period for bringing securities claims under the Act is two years from the date of discovery of a

violation, but no longer than five years from the alleged violation. 28 U.S.C. § 1658.

Plaintiffs' allegation, that Defendants securitized and sold Plaintiffs' mortgage, see Am. Compl. ¶¶ 17-19, does not make Plaintiffs purchasers of securities. See <u>Bello v. Chase Home Finance</u>, 2011 WL 133351, at *1 (S.D. Cal. Jan. 14, 2011) (citing <u>Harms v. Recontrust Co.</u>, 2010 WL 2573144, at * 2 (N.D. Cal. June 24, 2010) and <u>Bukhari v. T.D. Serv. Co.</u>, 2010 WL 2762794, at * 5 (D. Nev. July 13, 2010)). Because Plaintiffs' amended complaint does not contain any credible allegations that Plaintiffs were purchasers of securities, Plaintiffs lack standing to sue for securities fraud. See <u>Binder v. Gillespie</u>, 184 F.3d 1059, 1067 (9th Cir. 1999) ("Only a purchaser or seller of securities has standing to bring an action under section 10(b) and Rule 10b-5."). In addition, as Defendants note, Plaintiffs allege that the violations occurred in 2003 and 2004, more than five years prior to the date Plaintiffs filed their original complaint in this Court on October 3, 2010. Accordingly, Count III is time barred. In any event, Plaintiffs' amended complaint falls far short of meeting the special pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Based on the foregoing, the Court **DISMISSES WITH PREJUDICE** Count III of Plaintiffs' amended complaint.

### D. The Trust Indenture Act of 1939, 15 U.S.C. § 77aaa – 15 U.S.C. § 77bbbb

The Trust Indenture Act ("TIA") supplements the Securities Act of 1933 and requires the appointment of a qualified trustee to act for the benefit of the holders of securities. See <u>In re Nucorp Energy Securities Litigation</u>, 772 F.2d 1486, 1489 (9th Cir. 1985). The TIA regulates corporate debt securities offered for sale in interstate commerce. Plaintiffs state only conclusory allegations and fail entirely to state any material facts that would support this claim. See generally Am. Compl. The Court need not accept legal conclusions as true, <u>Iqbal</u>, 129 S.Ct. at 1949, and therefore the Court **DISMISSES WITH PREJUDICE** Count IV of Plaintiffs' amended complaint.

### E. Section 12 of the Securities Exchange Act of 1934, 15 U.S.C. § 78l

In Count V, Plaintiffs allege Defendants violated section 12 of the Securities Exchange Act of 1934. However, there is no private right of action under Section 12 of the Securities and Exchange Act of 1934. <u>Gervais v. American Express Centurion Bank</u>, 2020 WL 4929077, at *1

(S.D. Cal. Nov. 30, 2010). Even if there were a private right of action under Section 12, Count V would be time barred, as described above in Part II-C. Accordingly, the Court **DISMISSES WITH PREJUDICE** Count V of Plaintiffs' amended complaint.

### F. Civil Conspiracy

Plaintiffs allege a civil conspiracy in Count VI. There is no private right of action under 18 U.S.C. § 371, which is a criminal statute. <u>Rapoport v. Republic of Mexico</u>, 619 F. Supp. 1476, 1480 (D.D.C. 1985) (holding "it is clear that no private right of action can exist under 18 U.S.C. § 371."). The Court therefore **DISMISSES WITH PREJUDICE** Count VI of Plaintiffs' amended complaint.

### G. Rescission

Count VII is for rescission. Defendants move to dismiss, arguing that Plaintiff has failed to allege tender. Whether or not Plaintiffs alleged tender, rescission is not an independent cause of action, but rather a remedy. <u>See</u> <u>Jozinovich v. JP Morgan Chase Bank, N.A.</u>, 2010 WL 234895, at *7 (N.D. Cal. Jan.14, 2010); <u>see also</u> <u>Leisher v. Wachovia Mortgage, Inc.</u>, 2011 WL 98575, at *11 (S.D. Cal. Jan. 12, 2011). The Court has dismissed all counts in the amended complaint, and therefore there can be no claim for rescission. The Court **DISMISSES WITH PREJUDICE** Count VII of plaintiffs' amended complaint.

### H. Scienter

In Count VIII, Plaintiffs allege scienter. Because there is no cognizable cause of action for scienter, the Court **DISMISSES WITH PREJUDICE** Count VIII of Plaintiffs' amended complaint.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motions to dismiss in their entirety and **DISMISSES WITH PREJUDICE** all counts in Plaintiffs' amended complaint. As a result, the Court **DENIES AS MOOT** the motion to strike.

**IT IS SO ORDERED.**

DATED: March 15, 2011

_____
IRMA E. GONZALEZ, Chief Judge
United States District Court