# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE J. GEHRON; CHERYL L. GEHRON,<br><br>                            Plaintiffs,<br><br>    vs.<br><br>BEST REWARD CREDIT UNION, CUMANET, ASSURED LENDER SERVICES, INC., and MERS,<br><br>                            Defendants. | CASE NO. 10cv2051 - IEG (BLM)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO SET ASIDE JUDGMENT**<br><br>[Doc. No. 51] |

Presently before the Court is a motion to set aside judgment pursuant to Rules 60(b)(6) and 61 of the Federal Rules of Civil Procedure.  Plaintiffs filed their original complaint in this Court on October 1, 2010. (Doc. No. 1.)  Certain Defendants moved to dismiss the original complaint, and Plaintiffs responded by filing an amended complaint on December 8, 2010. (Doc. Nos. 12, 16.)  Defendant CUMANET filed a motion to dismiss the amended complaint on December 22, 2010, and Defendants Best and John J. Shirilla filed a motion to dismiss on January 6, 2011.  (Doc. Nos. 27, 33.)  Upon review of the motions and the briefing relating thereto, the Court granted both motions to dismiss on March 15, 2011.  (Doc. No. 49.)  In doing so, the Court dismissed all causes of action with prejudice, and the Clerk of the Court entered judgment in favor a of Defendants.  (Doc. Nos. 49, 50.)  Plaintiffs filed the present motion on March 22, 2011.  (Doc. No. 51.)

///

1     Rules 60 of the Federal Rules of Civil Procedure governs relief from a judgment or order.
2 Whereas Rules 60(b)(1)-(5) provide specific categories of relief from judgment, Rule 60(b)(6) is a
3 catchall provision that allows permits a court to grant relief for "any other reason . . ."  However,
4 Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to
5 be utilized only where extraordinary circumstances prevented a party from taking timely action to
6 prevent or correct an erroneous judgment.  <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008)
7 (citation omitted).

8     Here, Plaintiffs argue that they are "entitled to amend their complaint once more."
9 However, Plaintiffs have not raised any arguments the Court failed to consider in ruling on the
10 motions to dismiss or pointed to any "extraordinary circumstances" which would warrant relief
11 under Rule 60(b)(6).  Rule 61—which limits the circumstances in which errors by parties or the
12 court may serve as the basis for granting a new trial—does not provide a basis for relief from
13 judgment in this case.  The Court therefore **DENIES** Plaintiffs' motion to set aside the judgment.

14     **IT IS SO ORDERED.**

15 **DATED: April 4, 2011**

*[signature: Irma E. Gonzalez]*

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**